**SIGNED THIS: October 28, 2005**

_____

**WILLIAM V. ALTENBERGER
UNITED STATES BANKRUPTCY JUDGE**

_____

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ROGER GREGORY WILDERMUTH, | ) | No. 04-85624 |
| | ) | |
| Debtor. | ) | |

### O P I N I O N

On December 22, 2004, the Debtor filed his voluntary petition under Chapter 7 of

the Bankruptcy Code.   In Schedule B, the Debtor listed two life insurance policies,

Northwestern Mutual Life Insurance Policies #9-460-343 and 7-677-343, with cash values

of $21,867 and $17,531, respectively.   The Debtor's Schedule B also claims that, through a

living trust, the Debtor's wife is a 75% beneficiary, so 75% of the cash value of these life

insurance policies is exempt.   On Debtor's Schedule C, he claimed a 75% exemption in the

cash value of the policies as exempt under § 5/238 of the Illinois Insurance Code,[1] which

_____

[1]The Debtor's Schedules B and C claim that the Debtor's wife is a 75% beneficiary; however, in Debtor's brief,
Debtor properly notes that his wife is a 70% beneficiary.

provides as follows:

> (a) All proceeds payable because of the death of the insured and the aggregate net cash value of any or all life and endowment policies and annuity contracts payable to a wife or husband of the insured, or to a child, parent or other person dependent upon the insured, whether the power to change the beneficiary is reserved to the insured or not, and whether the insured or his estate is a contingent beneficiary or not, shall be exempt from execution, attachment, garnishment or other process, for the debts or liabilities of the insured incurred subsequent to the effective date of his Code, except as to premiums paid in fraud of creditors within the period limited by law for the recovery thereof.

215 ILCS 5/238(a).

The Chapter 7 Trustee filed an Objection to Debtor's Claim of Exemptions. Giving the statute a literal interpretation, the Trustee contends that the Debtor's claims of exemption are not proper because the named beneficiary is the revocable trust which is not a "dependent" of the Debtor. The Debtor contends that he may properly claim an exemption in 70% of the cash values of the life insurance policies because his wife is a 70% beneficiary of the trust which is the named beneficiary of the life insurance policies.[2] The issue before the Court is whether 70% of the cash value of the Debtor's life insurance is exempt since the actual beneficiary of the Debtor's life insurance policies is the revocable trust and not the Debtor's wife.

The applicable language of Section 5/238 requires that to be exempt, the cash value of life insurance must be "payable to a wife . . . whether the power to change the beneficiary is reserved to the insured or not." Notwithstanding the language of the section requiring the cash value to be payable to the Debtor's wife, the Debtor still claims 70% of

---

[2]Although the Debtor originally claimed the cash value of the policies exempt under the Illinois Insurance Code, 215 ILCS 5/238, in his brief he suggests that the exemption may also be claimed under the Personal Property Exemption Law, 735 ILCS 5/12-1001(f). The two sections are similar and the result is the same under either one.

the cash value is exempt as the Debtor's wife is a 70% beneficiary under the revocable trust.

Three sections of the revocable trust impact this argument.  Part 1, Section A, governing distributions, provides:

> During the Grantor's lifetime, the entire net income derived from the trust estate shall be paid to, or upon the order of, the Grantor, in regular monthly or other convenient installments.  In addition, the Trustee shall distribute such amounts of the principal of the trust estate to such one or more persons or entities (including the Grantor) in such amounts and in such manner as the Grantor may direct from time to time.

Part 1, Section C, governing the payment of debts, taxes and insurance, provides in pertinent part:

> (1)   Upon the death of the Grantor, to the extent that the Grantor's probate estate, exclusive of real property and tangible personal property, shall be insufficient to pay the Grantor's legally enforceable debts and last illness and funeral expenses, estate administration expenses, and all pecuniary bequests under the Grantor's Last Will, the Trustee is authorized, in the sole and absolute discretion of the Trustee, to pay, to such extent, all such debts, expenses and bequests.

Part 1, Section D, governing disposition upon the Grantor's death, provides in pertinent part that:

> Upon the Grantor's death, the trust estate (including any accumulated income) and any property passing to this Trust as a result of the Grantor's death, less any amounts disbursed by the Trustee for debts, taxes and expenses pursuant to the above provisions, shall be held in trust or distributed as follows:
>
> * * *
>
> (4) Seventy percent (70%) of such remaining trust estate shall be distributed to Gloria A. Warner, a friend of Grantor,[3] if she survives the Grantor.

The Debtor, while conceding that he could find no cases directly agreeing or disagreeing with his position, relies on three cases to support allowance of his claimed

---

[3] Gloria Warner is currently the Debtor's wife.

exemptions. The first, *In re Vogel*, 78 B.R. 192, 193 (Bankr.N.D.Ill. 1987), involved a trustee's objection to the debtor's claim of exemption in his Individual Retirement Account ("IRA") and Keough accounts. In response, the debtor claimed that these policies were exempt under Section 12-1001(f) of the Illinois Insurance Code since "the only assets in both the IRA and Keough accounts are insurance policies payable to his wife and children...." *Id.* at 194. The *Vogel* court held that:

> It appears to the Court that the Debtor's claim is well founded. It is clear that the insurance policies are "personal property, owned by the debtor", a prerequisite to exemption under section 12-1001 of the Illinois Code. Neither the IRA nor the Keough plan is a separate entity. The property in both accounts remains the Debtor's property. Indeed, it is the Debtor's ownership of the assets in those accounts on which the Trustee's claim to them is based. *See* 11 U.S.C. § 541(a). Since the insurance policies in the IRA and Keough were the Debtor's property as of the date of the petition, there appears to be no reason the Debtor cannot claim an available exemption in them. There is no indication that the policies were purchased or placed in the IRA or Keough Plan in fraud of creditors. They were placed there for legitimate tax reasons. The policies in the IRA and Keough plan are therefore exempt insurance policies.

While this opinion would not look to the plain wording of the Illinois exemption, it does not carry the day for the debtor. The decision in *Vogel* is distinguishable because in *Vogel,* while the policies were placed in IRA and Keough accounts, the wife and children were the direct beneficiaries of the policies and would be entitled to the death proceeds, without being subject to the claims of third parties.

The second case cited by the Debtor, *In re Jackson*, 95 B.R. 590, 591 (Bankr.C.D.Ill. 1989), involved a debtor who was the sole beneficiary to the life insurance proceeds of her deceased husband. She then used a portion of the proceeds as a down payment on a residence. *Id.* In the debtor's bankruptcy filings, she claimed, as exempt, her homestead exemptions and a portion of the life insurance proceeds. *Id.* at 592. The trustee objected,

contending that "no subsection of Section 12-1001 would exempt the proceeds of insurance which have now been converted to other forms of property." *Id.* In determining whether the conversion of life insurance proceeds caused these proceeds to lose their exempt status, the court held that Section 12-1001(h)(3) "allows Debtor an exemption in that portion of the $8,500 of equity that is traceable to the life insurance proceeds and reasonably necessary for Debtor's support." *Id.* at 593. That case clearly addressed the issue of tracing death proceeds and not who in the  first instance is entitled to the cash value of life insurance policies.

The third case cited by the Debtor, *In re LeBlanc*, 217 B.R. 365, 367 (Bankr.D.Mass. 1998), involved a debtor's claim of exemption in a life insurance policy which was payable to a living trust whose beneficiaries were the debtor's children, if any survived him; otherwise, to his nieces and nephews.  At the time of the debtor's bankruptcy filing, he was unmarried and had no children.   In its analysis, the *LeBlanc* court discussed the Massachusetts insurance exemption provision, which "protects the 'lawful beneficiary' from claims of the insured's creditors to the policy's 'proceeds.'" *Id.* at 368 (citing Mass. Ann. Laws ch. 175, § 125).  In holding that the debtor was not entitled to the insurance exemptions, the court found it relevant that since the debtor had no children, his beneficiaries were his nieces and nephews, and "[b]y the weight of authority, a niece or nephew does not ordinarily have an insurable interest in the life of an uncle." *Id.* at 369. The court further noted that although "[t]here is an exception if a parental or pecuniary relationship exits [sic] between the parties," the exception was not applicable because "[t]he Debtor does not allege any such relationship." *Id.* In the case before this Court, the Debtor

5

contends that "[t]his case can also be interpreted to state that if the Debtor did have dependent children at the time he filed Chapter 7, the life insurance exemption would have been preserved even though Debtor's living trust was the beneficiary of his insurance policy."

*LeBlanc* is also distinguishable from the case before this Court. First, as the Debtor recognizes it is dicta. Second, while the dicta indicates that the court would allow an exemption for policy proceeds payable to a trust for the benefit of beneficiaries protected by the exemption statute, it does not address the issue of whether the exemption is available where the policy proceeds may first be used to pay the Debtor's creditors.

In this Court's view and for the reasons stated, the cases relied on by the Debtor are of little assistance, while *Blumberg v. Coxe*, 8 F.2d 735 (5th Cir. 1925), is directly on point. In that case, as here, the named beneficiary was a trust and the trustee "was empowered in its sole, uncontrolled discretion to use all or any part of the principal of the trust estate for the purpose of paying any debts or claims against the estate of the insured, or for the payment of taxes or other similar charges on the insured's estate." The net income from the trust estate was payable to the debtor's wife. The applicable state statute provided an exemption for life insurance procured by a husband or father for the benefit of his wife and children. Upholding the determination that the trustee was entitled to the cash surrender value of the policies, the court stated:

> A policy does not conform to the statute when the terms of it are consistent with the application of the proceeds of it arising upon the death of the insured to the payment of the debts, or a single debt, of the insured, to the exclusion of the statutory beneficiary or beneficiaries.
>
> Each of the policies in question was so framed that benefits from it to the insured's wife and children were dependent upon, not the contract of

insurance, but the uncontrolled will of the trustee, to whom the insurance is made payable.  A policy which may inure solely to the benefit of the insured's creditors cannot properly be said to be for the benefit of the wife and children, within the meaning of the statute.  Manifestly the statute was not intended to have the effect of enabling a debtor to have exempted to him insurance on his life which, in the event of his death without a change of beneficiaries having been made, might inure to the sole benefit of one or more of his creditors.

*See also, Bartholow v. Garner*, 43 B.R. 463 (N.D. Texas 1984)(following *Blumberg*).  This Court agrees with the court's analysis and the same result should occur in this case.  Although the exemption under the Illinois Insurance Code permits the insured's estate to be a contingent beneficiary of the insurance policy, it is the possibility that the proceeds of the policies may first be used in payment of the Debtor's debts which precludes the claims of exemption.[4]

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  A separate Order will be entered.

###

---

[4]The Court notes that the  Debtor listed total liabilities of over $2,000,000 and assets of only $368,509.